Estate of Joseph D. De Lucchi, Genevieve Dugan De Lucchi, Executrix, and Genevieve De Lucchi, Surviving Wife v. Commissioner.
Estate of De Lucchi v. Commissioner
Docket No. 56688.
United States Tax Court
T.C. Memo 1957-234; 1957 Tax Ct. Memo LEXIS 15; 16 T.C.M. (CCH) 1079; T.C.M. (RIA) 57234; December 20, 1957
*15 Loss on the sale of a house was not deductible under section 23(e)(2), Internal Revenue Code of 1939, when the loss was not proved to have been sustained in a transaction entered into for profit. Arthur N. Ziegler, Esq., 329 W. Portal Ave., San Francisco, Calif., for the petitioners. Nat F. Richardson, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion Respondent determined a deficiency of $11,552.87 in the joint income tax return of Genevieve Dugan De Lucchi and Joseph D. De Lucchi for the year 1951. The only question presented is whether a loss sustained by petitioner on the sale of a house may be deducted under the provisions of section *16 23(e)(2), Internal Revenue Code of 1939. Findings of Fact Some of the facts are stipulated and are so found, the stipulation being incorporated herein by this reference. Genevieve Dugan De Lucchi (hereinafter individually sometimes referred to as petitioner) is the surviving wife of Joseph D. De Lucchi (hereinafter referred to as decedent). She is executrix of his estate as well as taxpayer in her own right. The joint income tax return of petitioner and decedent for the year 1951 was filed with the collector of internal revenue at San Francisco, California. In early 1948 decedent, intending to build a home, purchased a lot in Hillsborough, a community near San Francisco. That summer he commenced construction of a residence on the Hillsborough property for him and his family. His wife had died in 1947. On October 14, 1948, decedent married Genevieve Dugan. Prior to their marriage they had discussed the question whether the Hillsborough property was to be sold and was not to be a residence for their family. At all times after their marriage until decedent's death they resided at 485 Dewey Boulevard, San Francisco. Genevieve continued to reside at the Dewey Boulevard address *17 until the time of hearing in this case. Decedent expericenced difficulty in financing the Hillsborough project. Petitioner put some of her own money into the venture. The money was loaned for the purpose of investment from depreciation reserves of the Dan Dugan Oil Company, in which Genevieve was a partner. The transfer was represented by notes drawn in favor of Dan Dugan, her father and manager of the Dan Dugan Oil Company. The notes were signed by decedent. Petitioner was considered responsible to the partnership for the funds. When the building was sold at a loss the notes were charged against her share of the profits of the Dan Dugan Oil Company. The property was transferred to joint tenancy in May of 1950. In 1949 decedent's health began to fail. After his decline in health he informed his brother that he was going to complete the house and sell it. During his illness and about two years after construction of the house was commenced, the decedent discussed with the builder the possibility of completing the house as partners for profit. They also discussed the possibility of building other houses. No agreement was ever reached on either matter. Since 1934 decedent and his *18 brother had been co-partners in the grocery business. After decedent's health began to fail he became unable to participate actively in the grocery business. The partnership was dissolved on June 30, 1950. The house in Hillsborough was listed for sale on September 27, 1950. Construction was completed about late 1950. Decedent died February 10, 1951. The original and amended income tax returns for 1950 show his occupation as a grocer. The 1951 return shows his occupation as speculative builder. All three returns were filed after his death. Decedent did not have a contractor's license. A loss of $22,000 from "speculative building" was deducted on the joint return of petitioner and decedent for the year 1951. Respondent disallowed the loss and determined a deficiency of $11,552.87 in taxes for the year 1951. Opinion VAN FOSSAN, Judge: The sole question presented here is whether the loss incurred by petitioner on the sale of a certain house is deductible as a loss incurred in a transaction entered into for profit under section 23(e)(2), Internal Revenue Code of 1939. [1]
*19 Respondent's Regulations 111, section 29.23(e)-1, [2] allow such a loss provided the transaction satisfies certain specific tests. Long usage has given this regulation almost statutory sanction. The regulation provides - the property must be definitely rented or otherwise appropriated to the income-producing purposes. It must be so used up to the time of sale. Moreover, such a loss on the sale of such property is an allowable deduction only in the amount not to exceed the excess of the value of the property at the time it was *20 appropriated to the income-producing purposes. Tested by the above criteria, we find the record in this case falling far short of establishing petitioners' contentions. The purchase of the lot and the building of the house were admittedly originally undertaken to provide decedent with a new home. Albeit there is testimony to the effect that the original purpose was abandoned the record does not enable us to find any specific date or event marking the abandonment. Listing for sale is but one fact and is not enough. The completion of the house might well have been carried out in an effort to minimize personal loss from personal investment in a home. There is no date established to stand as the starting point of the business use. There is no proof of such a use up to the time of sale. Moreover, there is no proof, and this alone would be fatal to petitioners' contention, of the value of the property at the time it was appropriated to income-producing purposes. This last failure of proof cannot be overcome by general conditions. Such proof was absolutely essential to petitioners' case. In its absence petitioners must bear the burden of failure. There is no time or amount established *21 for determination of the amount of petitioners' loss. See Jones v. Commissioner, 152 Fed. (2d) 392, a case very similar to the instant case in its essential facts. See also, Weir v. Commissioner, 109 Fed. (2d) 996. Petitioner having failed to produce requisite proof of essential facts decision must be given for the Government. Decision will be entered for the respondent. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * (e) Losses by Individuals. - In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise - * * *
(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *.↩
2. Regulations 111 Sec. 29.23(e)-1. Losses By Individuals. - * * *
A loss on the sale of residental property purchased or constructed by the taxpayer for use as his personal residence and so used by him up to the time of the sale is not deductible. If, however, property so purchased or constructed is prior to its sale rented or otherwise appropriated to income-producing purposes and is used for such purposes up to the time of its sale, a loss from the sale of the property, * * * is, * * * an allowable deduction in an amount not to exceed the excess of the value of the property at the time it was appropriated to income-producing purposes * * *.↩